FILED

2005 Nov-29  AM 10:27
U.S. DISTRICT COURT
N.D. OF ALABAMA



### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 5:05CV2039-VEH |
| | ) |
| MONT-CULLMAN, INC., et al, | ) |
| | ) |
| | ) |
| Defendant  . | ) |

### MEMORANDUM OF OPINION

I.    Introduction

This matter comes before the Court on a Motion to Intervene filed by Regions

Bank ("Regions") (Doc. 9).  The movant, along with its debtors, Defendants Mont-

Cullman, Inc. (f/k/a Peerless Coating, Inc.) and Mont-Toccoa, Inc. (f/k/a Peerless

Coatings Toccoa), are co-plaintiffs in an action pending before the Circuit Court of

Cullman County, Alabama, CV-04-121.  By its motion, Regions moves to intervene

in the instant action as to the efforts of United National Insurance Company ("United

National"), which seeks a declaratory judgment regarding insurance policies that

could provide coverage for certain claims asserted against Mont-Cullman and Mont-

Toccoa in their state court action.  (Doc. 12 at 2).  Plaintiff has been afforded an

opportunity to respond and the motion is now ripe for decision.   Upon due consideration, the motion is due to be DENIED.

II.     Background

Prior to the filing of this action, Defendants Mont-Cullman, Inc., Mont-Toccoa, Inc., Piedmont Paints & Primers, Inc., Peerless Coatings, Inc., and Peerless Coatings (Toccoa), Inc. ("Peerless"), along with their secured creditor, Regions, filed suit against Evans Cabinets Corporation and Rentz Cabinet Company, Inc. ("Evans/Rentz") to recover certain receivables.  In response to Peerless' complaint, Evans/Rentz filed counterclaims against Peerless, alleging breach of implied warranties regarding certain products which had been purchased from the Peerless Companies.  Shortly thereafter, Peerless tendered the defense of the counterclaims to their liability insurer, United National, which assumed Peerless's defense under a reservation of rights.   United National subsequently filed the present action, "to determine whether the Peerless Companies are entitled to coverage under the policy for the damages alleged by Evans/Rentz in the counterclaims; the limits of such coverage, if applicable; and whether United National has a duty to continue to defend the Peerless Companies against the counterclaims in the [Cullman County] action." (Doc. 12 at 2).

Regions moves to intervene based on intervention as a matter of right pursuant to Fed.R.Civ.P. 24(a), or alternatively, permissive intervention pursuant to Fed.R.Civ.P. 24(b).

III.    Discussion

***Intervention as a Matter of Right***

To intervene as a matter of right, "[t]he proposed intervenor must show that it has an interest in the subject matter of the suit, that its ability to protect that interest may be impaired by the disposition of the suit, and that existing parties in the suit cannot adequately protect that interest." *Mt. Hawley Ins. Co. v. Rigaud*, 425 F.3d 1308, 1311 (11th Cir. 2005). Here, Regions has failed to identify a significant interest in the action. Further, even assuming Regions has a protectable interest, the Court is not persuaded that the movant's interest cannot be adequately protected by the existing parties. Accordingly, because the movant has failed to satisfy at least two of the above requirements, intervention as a matter of right is inappropriate.

*Legally Protectable Interest*

"Under Rule 24(a)(2), a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable." *Rigaud,* 425 F.3d at1311 (11th Cir. 2005) (quoting *Georgia v. United States Army Corps of Eng'rs,* 302 F.3d 1242, 1249 (11th Cir. 2002)). Regions

fails to cite any legally protectable interest and states only that "[b]ecause Regions is a secured party to two parties in this suit, Regions may intervene as a matter-of-right pursuant to Federal Rule of Civil Procedure 24(a)(2)." (Doc. 9). As the Eleventh Circuit has stated "[b]y requiring that the applicant's interest be . . . 'legally protectable,' it is plain that something more than an economic interest is necessary. What is required is that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant," *Id.*, (quoting *United States v. South Fla. Water Mgmt. Dist.,* 922 F.2d 704, 710 (11th Cir. 1991) (emphasis in original) (citations omitted) or, more aptly stated, "an interest that derives from a legal right." *Id*.

In this case, Regions's interest in the subject matter of this action is purely economic. Regions is neither a party to the United National policy, nor a policy beneficiary as the liability coverage at issue does not constitute reimbursement for damage to the claims or receivables that serve as security for the debt to Regions Bank. Thus, Regions has no legally protectable interest in the policy itself. Rather, as Mont-Toccoa's and Mont-Cullman's secured creditor, Regions has an interest in the Peerless Companies' rights to defense or indemnification under the United National policy because the limits of Peerless's liability coverage under the policy could potentially impede Regions's ability to recover in the Cullman County action.

Based on Eleventh Circuit precedent, however, such "a contingent economic interest in insurance policy proceeds does not rise to a 'legally protectable' interest and fails to provide grounds for intervention under Rule 24(a)."  *See Rigaud,* 425 F.3d 1308 (denying intervention where movant's interest was purely economic)*; In re HealthSouth Corp. Insurance Litigation*,  219 F.R.D. 688 (N.D. AL 2003);  *Ace American,* 216 F.R.D. 537, 539 (denying intervention where movant's interests were "affected only speculatively, and at that only economically, by the present action"); *Midwest Employers Cas. Co. v. E. Ala. Health Care,* 170 F.R.D. 195, 198 (M.D. Ala. 1996) (acknowledging movant's interest in the insurance proceeds and, thus, in the outcome of the declaratory judgment action, but holding that the interest "does not rise to the level of significant interest"); *TIG Specialty Ins. Co. v. Financial Web.com, Inc*, 208 F.R.D. 336, 338 (M.D. Fla. 2002) (acknowledging that the "mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give that party a right to intervene."  Accordingly, to the extent that Regions moves to intervene as a matter of right, its motion is denied.

*Interest Inadequately Represented*

Even if the movant have a legally recognizable interest, they have not established that their "interest" is not adequately represented by Peerless.

Page 5 of  8

Where, as here, the objectives of the intervenors and the existing defendants are identical, the Eleventh Circuit presumes that the existing parties will adequately represent the intervenor's interest. *See Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.,* 983 F.2d 211, 215 (11th Cir. 1993); *see also Wyatt v. Hanan,* 170 F.R.D. 189, 192 (M.D. Ala. 1995) ("When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented . . . .") (citation omitted). To rebut this presumption, the movant must demonstrate "adversity of interest, collusion, or nonfeasance." *Wyatt,* 170 F.R.D. at 192; *Midwest Employers Cas. Co. v. E. Ala. Health Care,* 170 F.R.D. 195, 199 (M.D. Ala. 1996) (court found movant's interest adequately represented where movant did not demonstrate collusion between the defendants and insurers, adversity to movant's position, or that defendants lacked competency).

The movant has failed to show inadequate representation by the existing parties. Moreover, no conflict of interest exists in this litigation between Peerless and the movant because both have an incentive to ensure that the policy covers the damages alleged by Evans/Rentz. Thus, the Court finds that the movant's interests are adequately protected.

*Permissive Intervention*

"Permissive intervention under Fed.R.Civ.P. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Rigaud*, 425 F.3d 1308 (quoting *Georgia v. United States Army Corps of Eng'rs,* 302 F.3d 1242, 1250 (11th Cir. 2002)).

The primary issue in the declaratory judgment action is whether and to what extent the Peerless Companies are entitled to liability coverage under its United National policy for the damages alleged by Evans/Rentz in the pending state court action. As such, the issue of insurance coverage is unrelated to the issue of the recovery of certain claims and receivables allegedly owed Peerless. Further, the Court does not see how Regions's intervention will help resolve the issue of whether Peerless is entitled to liability coverage pursuant to the United National policy. For these reasons, the movants have failed to persuade the Court to exercise its discretion to allow permissive intervention. Accordingly, Regions's motion is denied to the extent that it seeks leave to intervene pursuant to Fed.R.Civ.P. 24(b).

IV.    Conclusion

For these reasons, the motion to intervene will be **DENIED** by separate order.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge